UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAYLON SHARPE                                    CIVIL ACTION

VERSUS                                            NO. 13-6101

BERTUCCI CONTRACTING COMPANY LLC                  SECTION "B"(2)

## ORDER AND REASONS

NATURE OF MOTION AND RELIEF SOUGHT:

Before the Court is Plaintiff's, Shaylon Sharpe, unopposed Motion for Partial Summary Judgment (Rec. Doc. No. 55). Plaintiff seeks to have the court rule that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law under Fed. R. Civ. P. 56 on Defendant's, Bertucci Contracting Company, affirmative defense of willful concealment of a pre-existing injury under *McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547 (5th Cir. 1968). (See Rec. Doc. No. 51).

**IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **GRANTED** as unopposed.

FACTS AND CAUSE OF ACTION:

Plaintiff asserts a cause of action under the Jones Act and general maritime law for an injury sustained to his left shoulder while employed on Defendant's barge on or about February 28, 2013. (Rec. Doc. No. 1 at ¶ 2). Defendant filed an Answer to Plaintiff's original Complaint on November 7, 2013 (Rec. Doc. No. 5). Thereafter, both parties sought and were granted leave to file a series of amended pleadings, culminating in the filing of

Defendant's Amended Answer and Affirmative Defenses on July 9, 2014 (Rec. Doc. 51). It was in this last pleading that Defendant raised the affirmative defense to liability for maintenance and cure payments under the *McCorpen* rule based on Plaintiff's alleged knowing and fraudulent concealment of a pre-existing injury.

Plaintiff moves this Court to grant partial summary judgment in his favor on the issue of the *McCorpen* defense. (Rec. Doc. No. 55). Plaintiff's Motion for Partial Summary Judgment is set for submission on September 3, 2014. No opposition has been filed by Defendant.

CONTENTIONS OF MOVANT:

Plaintiff seeks summary judgment under Fed. R. Civ. P. 56 on two grounds. First, Plaintiff argues that Defendant's affirmative defense is procedurally barred because it was not raised in the "first responsive pleading" filed by Defendant, pursuant to Fed. R. Civ. P. 8(c)(1). (Rec. Doc. No. 55 at 6). Instead, the defense was not asserted until the later filing of Defendant's Amended Answer and, according to Plaintiff, was therefore waived as untimely. (Rec. Doc. No. 55 at 6).

Next, Plaintiff argues that he is entitled to summary judgment on the merits of the *McCorpen* defense. According to Plaintiff, Defendant relies upon a doctor's visit by Plaintiff relating to a sore clavicle in July of 2011 as the basis for raising the defense. (Rec. Doc. 55 at 11). However, Plaintiff argues that this visit did

not reveal any history of prior injury and did not occur until nearly one year after Plaintiff began his employment with Defendant in August of 2010. (Rec. Doc. No. 55 at 11). Plaintiff asserts that the nature of this injury (as distinct from the shoulder dislocation and complications that are the subject of Plaintiff's action here) as well as its timing (occurring at such time that it could not have been intentionally concealed by Plaintiff at the time of his hiring, nor material to Defendant's employment decision at that time) compel a finding that Defendant cannot make out the elements of the affirmative *McCorpen* defense.(Rec. Doc. No. 55).

DISCUSSION:

The following discussion will address both Plaintiff's procedural and substantive arguments. As set out fully below, Plaintiff's procedural argument is meritless, while Plaintiff has established his entitlement to the relief sought on the merits issue.

Plaintiff's Procedural Argument

As a preliminary matter, Plaintiff's first contention is without merit. Although Fed. R. Civ. P. 8(c)(1) stands for the general proposition that a defense not raised in the first responsive pleading is waived, it is well-recognized that an affirmative defense later asserted in an amended pleading will satisfy the standards of Rule 8. *See, e.g.*, 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1278 (3d ed.

1998) ("it has been concluded in many cases that the defendant may amend an answer to assert an omitted affirmative defense on the written consent of the adverse party or by leave of the district court") (citing, *inter alia*, *Jones v. Dist. of Columbia Dep't of Corrections*, 429 F.3d 276, 378 (D.C. Cir. 2005); *Burnett v. State Farm Fire and Cas. Co.*, 2010 WL 4627727, *4-5 (M.D. La. 2010)). Although such defenses may be precluded where undue prejudice will result to the claimant, Chief Magistrate Judge Wilkinson specifically found in his order granting Defendant leave to amend its Answer that the standard of "good cause" was met under Fed. R. Civ. P. 16 and further that no undue prejudice would result to Plaintiff given the amount of time remaining before trial. Thus, Plaintiff's arguments with respect to timeliness of the assertion of the *McCorpen* defense are meritless. (Rec. Doc. No. 50 at 2). Nevertheless, Plaintiff's arguments on the merits of his summary judgment motion are persuasive and, given that Plaintiff's Motion remains unopposed, there appear to be sufficient grounds to grant it.

### Plaintiff's Arguments on the Merits

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*,

4

477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). As to issues for which the non-moving party has the burden of proof at trial, the moving party may satisfy its burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue for trial. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id*.

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

In the present case, Plaintiff, as the moving party, alleges that Defendant will not be able to adequately prove the elements of its *McCorpen* defense. To establish this defense, the employer must show that (1) the claimant intentionally misrepresented or

concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005).

### *(1) Intentional Concealment*

With respect to the first element, courts recognize that this prong entails what is essentially an objective inquiry, which "neither necessarily turns on credibility nor requires a subjective determination." *Brown*, 410 F.3d at 174. As such, the issue is well-suited to resolution by summary judgment. *See, e.g., Bud's Boat Rental, Inc. v. wiggins*, No. 91-2317, 1192 WL 211453, *2 (E.D.La. Aug 24, 1992); *In re L.S.K. Towing, Inc.*, No. 94-4134, 1995 WL 3500939 (E.D.La. Jun 6, 1995).

On this issue, Plaintiff argues that there can have been no intentional concealment in light of Plaintiff's having satisfactorily passed a pre-employment physical examination.(Rec. Doc. No. 55 at 9). Furthermore, Plaintiff cites to the affidavit of the physician who treated Plaintiff for his clavicle pain for the proposition that there was no evidence of injury to Plaintiff's shoulder (the injury at issue in Plaintiff's claim in the instant action) at the time of his presenting with clavicle issues. (Rec. Doc. No. 55 at 10-11). Finally, Plaintiff argues that because he did not present to the physician complaining of clavicle pain until

nearly one year after his being hired by Defendant, there can have been no *pre-existing* condition to conceal from Defendant in the first instance. (Rec. Doc. No. 55 at 11). To the extent that there does not appear to be anything in the record controverting the timing with respect to this issue, Plaintiff's contention has merit.

### *(2) Materiality*

Next, the materiality element turns on the extent to which the plaintiff's allegedly concealed injury or condition is rationally related to the applicant's physical ability to perform his job duties. *See, e.g., Hardison v. Abdon Callais Offshore, LLC*, No. 11-2053, 2012 WL 2878636, at *4 (E.D. La. Jul. 31, 2012) (citing, *Brown*, *supra*). On this element, Plaintiff argues that there was no relationship between the instance of clavicle pain and his physical ability to perform his duties. In support of this contention, Plaintiff relies on the fact that the clavicle pain arose nearly one year after he was hired by Defendant as well as the fact that his physician did not recommend, nor did Plaintiff request, any work restrictions at the time of his visit relative to the clavicle issue. (Rec. Doc. No. 55 at 12). Here again, because there is no evidence to suggest that Plaintiff was specifically asked about injuries to the area including his clavicle, nor that such an injury did, in fact, exist at the time of Defendant's decision to hire him, Plaintiff has satisfied his burden of coming forward with

record evidence sufficient to establish that this issue cannot genuinely be disputed for purposes of summary judgment under the standards of Fed. R. Civ. P. 56. The burden thereafter shifted to Defendant to establish a disputed issue for trial.

### *(3) Causality*

Finally, the *McCorpen* analysis turns to the issue of causality, which looks to the connection between the allegedly withheld information and the injury complained of in the subsequent lawsuit. *Brown*, 410 F. 3d at 177. With respect to this element, courts tend to focus on the degree of correspondence between the two injuries or conditions in terms of their physical location on the body.[1]

Here, Plaintiff argues that the requisite causal link is not satisfied because the pain in his clavicle experienced in 2011 cannot be proven to relate to his ultimate shoulder dislocation and ensuing complications in 2013. (Rec. Doc. No. 55 at 14). To this end, Plaintiff quotes deposition testimony of the physician who treated him for his clavicle issue:

> Q: . . . Doctor, as we sit here today, do you, as a medical doctor see any relationship

---

[1] See *Brown*, 410 F.3d at 176 (citing *Weatherford v. Nabors Offshore Corp.*, No. 03-0478, 2004 WL 414948 (E.D. La. Mar. 3, 2004) (plaintiff injured in exact same area of back); *Fox v. Plaquemines Parish Gov't*, No. 92-0140, 1993 WL 1243065, **2-3 (E.D. La. Dec. 17, 1999) (prior and present back problems in same spine segment); *Guillory v. Northbank Towing Corp.*, No. 92-0140, 1993 WL 731991, *3 (W.D. La. Jun. 25, 1993) (injury to same spinal segment supported causation and materiality); *Keys v. Halliburton Co.*, No. 88-1523, 1989 WL 54224, **3-4 (E.D. La. May 17, 1989) (both injuries affected low back)).

8

> between what he came to you for with the pain
> in the collarbone to a dislocation or a labral
> tear of the left shoulder?
>
> A: I can't link the two together.

(Rec. Doc. No. 55 at 11 (citing Rec. Doc. No. 55-2 at 5)).

In light of the foregoing, Plaintiff has pointed to record evidence that would potentially support a finding that, from a medical perspective, there is no causal link between the clavicle issue in 2011 and his subsequent injury in 2013 for purposes of the final *McCorpen* element. He has therefore additionally established the likelihood that Defendant will be unable to prove this element of its affirmative defense.

Taking Plaintiff's arguments and cited evidence in conjunction, he has satisfied his burden under Fed. R. Civ. P. 56. In the context of an affirmative defense such as the *McCorpen* rule, Defendant, the non-moving party, bears the burden of proof at trial. As such, Plaintiff may satisfy his burden under the summary judgment standard by pointing to the absence of evidence supporting Defendant's claim with respect to any element as well as the lack of issues of material fact for trial. The Court's accepting Plaintiff's contentions with respect to any of the above elements shifts the burden to Defendant to come forward with specific facts showing that there is a genuine issue for trial. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). Defendant, however, has not filed any opposition to the motion under

consideration. Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and a copy delivered to chambers eight days prior to the date set for hearing of the motion, which, in this case, is September 3, 2014. By the time of this writing, any opposition to be filed by Defendant would be untimely and Defendant has failed to come forward with facts sufficient to preclude summary judgment .

Accordingly, Plaintiff's motion is deemed unopposed, and, further, it appearing that the motion has merit,

**IT IS ORDERED** that the motion is **GRANTED**.

New Orleans, Louisiana, this 28th day of August, 2014.

UNITED STATES DISTRICT JUDGE

A motion for reconsideration of this order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within thirty (30) days.  The motion must be accompanied by an opposition memorandum to the original motion.  Because such a motion would not have been necessary had a timely opposition memorandum been filed, the costs incurred in connection with the motion, including attorney's fees, will be assessed against the party moving for reconsideration. *See* Fed. R. Civ. P. 16, 83.  A statement of costs conforming to L.R. 54.3 shall be submitted by all parties desiring to be awarded costs and attorney's fees no later than eight (8)

days prior to the hearing of the motion for reconsideration.