UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAYLON SHARPE                                              CIVIL ACTION

VERSUS                                                      NO. 13-6101

BERTUCCI CONTRACTING COMPANY LLC                            SECTION "B"(2)

ORDER AND REASONS

Before the Court is Plaintiff's, Shaylon Sharpe, Motion to Dismiss Defendant's counterclaim for failure to state a claim upon which relief can be granted. (Rec. Doc. 32). Defendant, Bertucci Contracting Company, has filed a Memorandum in Opposition to Plaintiff's Motion to Dismiss. (Rec. Doc. 58).

**IT IS ORDERED** that Plaintiff's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** as discussed fully below.

Facts and Cause of Action:

Plaintiff asserts a cause of action under the Jones Act for an injury sustained to his left shoulder while employed on Defendant's barge on or about February 28, 2013. (Rec. Doc. 1 at ¶ 2). Defendant has asserted a counterclaim against Plaintiff seeking to recover reimbursement for maintenance and cure paid to him following Plaintiff's alleged abandonment of the treatment plan recommended by his physician. (Rec. Doc. 31 at ¶ 11). Defendant alleges that it initially terminated maintenance and cure payments on June 2, 2013 but that as of April 17, 2014, it has reinstated payments and also made back-payments "under protest" relating to the period between the initial termination and subsequent

reinstatement. (Rec. Doc. 31 at ¶ 10). According to Defendant, this reinstatement "under protest" was the result of an arrangement whereby Plaintiff agreed to dismiss a claim for punitive damages if Defendant reinstated payments subject to the proviso that any payments ultimately proven to relate to injuries caused by Plaintiff's failure to adhere to his treatment plan (rather than his initial shoulder injury) would be recoverable by Defendant in reimbursement or offset against damages. (Rec. Doc. 58 at 2). Plaintiff now moves the Court to dismiss Defendant's counterclaim relating to these payments pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Rec. Doc. 32).

Contentions of Movant:

Plaintiff argues that Defendant's counterclaim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because a counterclaim for recovery of maintenance and cure is precluded by *Boudreaux v. Transocean Deepwater, Inc.*, 721 F.3d 723 (5th Cir. 2013).

Contentions of Respondent:

Defendant opposes Plaintiff's motion on two bases. First, Defendant argues that the Fifth Circuit's opinion in *Boudreaux* does not prevent recovery under these facts because Defendant is not seeking to recover all of the maintenance and cure benefits paid to Plaintiff but merely those paid upon reinstatement "under protest."

2

Second, and apparently in the alternative, Defendant contends that its motion should not be dismissed because it is merely seeking the right to offset the maintenance and cure paid "under protest" against any potential damages awarded to Plaintiff under his Jones Act claim.

Discussion:

In *Boudreaux v. Transocean Deepwater, Inc.*, 721 F.3d 723 (5th Cir. 2013), the Fifth Circuit Court of Appeals reviewed this Court's grant of summary judgment on an employer's counterclaim for maintenance and cure payments previously made to the plaintiff in that case. The employer in *Boudreaux* had successfully established a defense to liability for maintenance and cure under *McCorpen v. Central Gulf Steamship Corp.,* 396 F.2d 547 (5th Cir. 1968), on the basis that the plaintiff willfully concealed a material pre-existing condition in a manner relevant to his hiring. Resolving what was, at the time, a *res nova* issue in the Fifth Circuit, this Court had concluded that an employer who successfully establishes a "*McCorpen* defense" is entitled to restitution from the seaman for the illegally obtained maintenance and cure payments. *Boudreaux v. Transocean Deepwater, Inc.*, No. 08-1606, 2011 WL 5025268 (E.D. La. Oct. 20, 2011). On appeal, however, the Fifth Circuit reversed, holding "that once a shipowner pays maintenance and cure to the injured seaman, the payments can be recovered only by offset against the seaman's damages award––not by an independent suit

seeking affirmative recovery." 721 F.3d at 727.

In the instant case, Defendant argues that the facts of *Boudreaux* are distinguishable because the basis for the employer's counterclaim in that case was that none of the maintenance and cure payments were due to the seaman in light of the employer's successful *McCorpen* defense. In other words, Defendant argues, because its claim in this case is not based on a *McCorpen* defense, rather its entitlement to payment arises out of Plaintiff's abandonment of his post-injury treatment plan and pursuant to an agreement between the parties, the holding of *Boudreaux* should not operate to bar its counterclaim.[1] It is unclear, however, how this supposed distinction would affect the merits of Defendant's counterclaim in this instance.

In *Boudreaux*, the Fifth Circuit noted the particularly egregious aspects of the seaman's concealment of his existing injuries as well as the difficult tension between the policies of "protecting seamen from the dangers of the sea, and employers from dishonesty." 721 F.3d at 727. Nevertheless, the court declined to recognize a right of action on behalf of employers for the type of recovery sought, opining that the ability to conduct investigations prior to tendering payments as well as the ability to offset

---

[1] Defendant does not explicitly cite legal authority for the proposition that it would be relieved of the obligation to pay maintenance and cure by Plaintiff's abandonment of his treatment plan. Nonetheless, *Coulter v. Ingram Pipeline, Inc.*, 511 F.2d 735 (5th Cir. 1975), stands for such a proposition, at least where the claimant willfully rejects recommended medical aid.

payments not properly due against future damages awards adequately protect employers under such circumstances. *Id.* at 728. Of particular importance to the court was the recognition that the policy of protecting seamen is a central concern of admiralty law as a field. *Id.* at 727, n. 16 (citing *Karim v. Finch Shipping Co. Ltd.*, 374 F.3d 302, 310 (5th Cir. 2004)("The protection of seamen was one of the principal reasons for the development of admiralty as a distinct branch of law.")). There is nothing in the court's opinion to suggest that its reasoning would not apply with equal force outside the context of a *McCorpen* defense. Indeed, where, as here, the employer is not challenging the validity of past maintenance and cure claims *ab initio,* and there are no allegations of serious fraud with respect to later payments made, the case for recognizing a right to bring an independent claim for restitution appears weaker than it did in *Boudreaux*. Therefore, Defendant's contention that *Boudreaux* does not operate to bar its claim for restitution lacks merit. This would not, however, impede Defendant's right to seek offset of the maintenance and cure payments against any potential damages awarded to Plaintiff, which right was clearly contemplated by the express language of the *Boudreaux* opinion.[2]

It is important to note that the *Boudreaux* opinion does not

---

[2] See *Boudreaux*, 721 F.3d at 727 ("the payments can be recovered only *by offset against the seaman's damages award*") (emphasis added).

5

speak to the procedural aspects of the employer's ability to offset past maintenance and cure payments against a seaman's future damages award. Whether such entitlement is to be asserted in the form of an affirmative defense in the defendant's Answer or by way of a post-Answer motion is not addressed, although Judge Clement noted in her concurrence that she would recognize an employer's right to "assert a *counterclaim* for maintenance and cure as a set-off to Jones Act damages." 721 F.3d at 728 (Clement, J., concurring in the judgment) (emphasis added). Here, Defendant notes in both its Counterclaim (Rec. Doc. 31 at ¶ 12) and its opposition to Plaintiff's Motion to Dismiss (Rec. Doc. 58 at 4) that it is seeking *either* reimbursement of the contested maintenance and cure payments *or* set-off from any future award of damages to Plaintiff. Additionally, Defendant sought from this court, and was granted, leave to file an Amended Answer and Affirmative Defenses, wherein it asserted its right to offset maintenance and cure payments against any damages awarded at trial. (Rec. Doc. 51 at 2). Thus, regardless of whether a defendant asserting the type of set-off right at issue here is required to do so in the form of an affirmative defense or counterclaim, Defendant has adequately stated its claim.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Dismiss is **GRANTED IN PART**, to the extent that Defendant is asserting an affirmative and independent claim for reimbursement and **DENIED IN**

**PART**, to the extent that Defendant is merely asserting its right to offset past maintenance and cure payments against potential future damages awarded to Plaintiff.

New Orleans, Louisiana, this 4th day of September, 2014.

_____
UNITED STATES DISTRICT JUDGE